**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HINDS INVESTMENTS, L.P., | No. 10-15607 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00703-LJO-GSA |
| PATRICIA MCLAUGHLIN, Trustee of the Thomas F. Hinds and Mary Jane Hinds Living Trust, | MEMORANDUM[*] |
| Plaintiff-counter-defendant - Appellant, | |
| v. | |
| ALBERT ANGIOLI; BURNELL ANGIOLI, | |
| Defendants, | |
| and | |
| MULTIMATIC CORPORATION; MULTIMATIC DRY CLEANING MACHINE CORPORATION; MULTIMATIC LLC; KIRRBERG CORPORATION; HOYT CORPORATION; R.R. STREET & CO., INC., | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants - Appellees,

TEAM ENTERPRISES, INC.,

Defendant-cross-claimant - Appellee,

v.

CSK AUTO, INC., DBA Kragen Auto Parts; COOPER INDUSTRIES LTD,

Third-party-defendant.

---

HINDS INVESTMENTS, L.P.,

Plaintiff - Appellant,

PATRICIA MCLAUGHLIN, Trustee of the Thomas F. Hinds and Mary Jane Hinds Living Trust,

Plaintiff-counter-defendant - Appellant,

v.

ALBERT ANGIOLI; BURNELL ANGIOLI; MULTIMATIC CORPORATION; MULTIMATIC DRY CLEANING MACHINE CORPORATION; MULTIMATIC LLC; KIRRBERG CORPORATION; HOYT CORPORATION; R.R. STREET & CO., INC.,

Defendants - Appellees,

No. 10-15951

D.C. No. 1:07-cv-00703-LJO-GSA

TEAM ENTERPRISES, INC.,

        Defendant-cross-claimant -
Appellee,

  v.

CSK AUTO, INC., DBA Kragen Auto
Parts; COOPER INDUSTRIES LTD,

        Third-party-defendant.

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted May 13, 2011
San Francisco, California

Before: O'SCANNLAIN and GOULD, Circuit Judges, and ST. EVE, District Judge.[**]

Hinds Investments, L.P. and Patricia MacLaughlin (collectively, "Hinds")

appeal the district court's dismissal of their statutory and common law claims

against dry cleaning equipment manufacturers Multimatic Corporation, Multimatic

Dry Cleaning Corporation, and Multimatic successor in interest Kirrberg

Corporation; R. R. Street & Co.; and the Hoyt Corporation (collectively,

---

[**] The Honorable Amy J. St. Eve, U.S. District Judge for the Northern District of Illinois, sitting by designation.

3

"Defendants"). Because the facts are known to the parties, we repeat them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Hinds seeks to hold Defendants liable as "arrange[rs]" under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *See* 42 U.S.C. § 9607(a)(3). The district court properly found that Hinds's allegations, taken as true, do not state claims for CERCLA arranger liability against Defendants. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Hinds has not alleged facts showing that Defendants sold dry cleaning equipment for the purpose of disposing of perchlorethylene or that Defendants exercised control over the disposal process. *See Team Enters., LLC v. W. Inv. Real Estate Trust*, No. 10-16916, — F.3d — (9th Cir. 2011); *see also Burlington N. & Santa Fe Ry. Co. v. United States*, 129 S. Ct. 1870, 1880 (2009). Because Hinds does not assert valid CERCLA claims against Defendants, Hinds's claims under the California Carpenter-Presley-Tanner Hazardous Substance Account Act also fail. *See* Cal. Health & Safety Code § 25323.5(a)(1).

4

The district court also did not err in dismissing Hinds's nuisance claims against Defendants. Under California law, defendants "who t[ake] affirmative steps directed toward the improper discharge of solvent wastes . . . may be liable" for nuisance. *City of Modesto Redev. Agency v. Superior Court*, 13 Cal. Rptr. 3d 865, 876 (Ct. App. 2004). "While liability for nuisance is broad, however, it is not unlimited." *Id.* at 872. Hinds alleges that Defendants are liable for nuisance based on their machines' design, but these allegations sound in products liability, for which "the law of nuisance is not intended to serve as a surrogate." *Id.* at 873; *see City of San Diego v. U.S. Gypsum Co.*, 35 Cal. Rptr. 2d 876, 883 (Ct. App. 1994). Hinds also alleges that Defendants are liable because their instruction manuals stated that waste water from their machines "must flow into an open drain,""may be drained into a container or piped directly to a floor drain," or "should be piped into an open sewer." These waste disposal recommendations fall short of the kinds of "affirmative acts or instructions [that] could support a finding that [D]efendants assisted in creating a nuisance." *City of Modesto*, 13 Cal. Rptr. 3d at 874; *see Team Enters., LLC*, slip. op. at __.

Hinds similarly does not state a claim that satisfies the narrower definition of trespass. *See Capogeannis v. Superior Court*, 15 Cal. Rptr. 2d 796, 799 (Ct. App. 1993) ("California's definition of trespass is considerably narrower than its

5

definition of nuisance."). Hinds's claim that Defendants advised dry cleaning operators to dispose of waste water down the drain and into the sewer depends on alleged physical disposal by Hinds's tenants. As Hinds's tenants consented to the process whereby the contamination entered Hinds's property, Hinds cannot bring a claim against Defendants for trespass. *See Cnty. of Santa Clara v. Atl. Richfield Co.*, 40 Cal. Rptr. 3d 313, 332 (Ct. App. 2006) ("The flaw in the proposed trespass cause of action is that plaintiffs' pleadings indisputably establish that the [hazardous substance] was placed on plaintiffs' property *by plaintiffs* or with their consent." (emphasis in original)).

**AFFIRMED.**[1]

---

[1] Hinds also appeals the dismissal of its claims brought under the Resource Conservation and Recovery Act of 1976, 42 U.S.C. §§ 6901 *et seq.* In a separate opinion filed simultaneously with this memorandum disposition, we affirm the dismissal of those claims.